UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

----------------------------------------------------------

Thomas W. Lyons, Inc.,
f/k/a Gulf Atlantic Hearing Aid Centers, Inc.

Plaintiff,

vs.

Sonus-USA, Inc.

Defendant.

----------------------------------------------------------

Case No. 07cv4227 DWFISRN

**COMPLAINT**

**JURY TRIAL DEMANDED**

For its Complaint, plaintiff Thomas W. Lyons, Inc., f/k/a/ Gulf Atlantic Hearing Aid

Centers, Inc. ("Gulf Atlantic") states the following:

## INTRODUCTION

The seller of a business seeks damages from the buyer for breach of the payment

provisions and related provisions of a purchase agreement between the parties regarding the sale.

## PARTIES

1.     Plaintiff Gulf Atlantic is a Florida corporation with its principal place of business

at 8080 South Seacrest Drive, Vero Beach, Florida.  Gulf Atlantic was formed to operate a

hearing aid sales and service business.

2.     Upon information and belief, defendant Sonus-USA, Inc. ("Sonus") is a

Washington corporation with its principal place of business at 5000 Cheshire Lane North,

Plymouth, Minnesota. Sonus operates a hearing healthcare network of retail locations that

provides products to hearing-impaired consumers.

**SCANNED**

OCT 11 2007

U.S. DISTRICT COURT MPLS

1

## JURISDICTION AND VENUE

3.      Jurisdiction is appropriate in this court pursuant to 28 U.S.C. §1332 as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) as Sonus is located here and the causes of action alleged herein arose in part within the State of Minnesota.

## FACTS

5.      Prior to June 25, 2004, Gulf Atlantic owned a number of retail business locations engaged in the business of servicing and selling hearing aids to the public. The retail businesses were located throughout Central Florida, including Orange County, Indian River County, Seminole County, and Brevard County.

6.      For approximately twenty (20) years, Gulf Atlantic owned and operated a hearing aid store in the Melbourne Square Mall in Melbourne, Florida.

7.      Gulf Atlantic and Sonus entered into an Asset Purchase Agreement dated June 25, 2004 (the "Purchase Agreement") whereby Sonus agreed to purchase certain assets of Gulf Atlantic's existing retail business locations. A copy of the Purchase Agreement is attached hereto as Exhibit A.

8.    The purchase price for the assets was $3 million payable as follows:  $817,374.81 cash at closing; $1 million paid pursuant to the terms of a promissory note; and $1 million paid pursuant to an earnout-provision in the Purchase Agreement which states in substantial part:

> Earn-Out. The balance of the Purchase Price shall be calculated and paid in accordance with the provisions of this Section 3(c). Buyer shall pay to Seller additional $1,000,000 if the following conditions are met:
> (i) the Net Revenue of the Business for the period commencing on the Closing Date and ending on the day immediately preceding the one-year anniversary of

such date (the "Earn-Out Period") is equal to or greater than $3,500,000 (the "net Revenue Target);

(ii)  the EBITDA of the Business for the Earnout-Out Period exceeds is equal to or greater than $560,000 (the "EBITDA Target"); and

(iii)  Owner [Thomas W. Lyons] remains continuously employed by Buyer from the Closing Date until the last day of the Earn-Out Period.

* * *

For purposes of this Section 3(c), the term "Business" means the business acquired from Seller pursuant to this Agreement that is conducted exclusively at the [Gulf Atlantic retail locations identified in Exhibit A to the Purchase Agreement] during the Earn-out Period.

9.      Prior to the sale, Sonus representatives told Thomas W. Lyons ("Lyons") on behalf of Gulf Atlantic that Lyons would be permitted to operate the retail business locations in the same manner as Lyons had previously and successfully done when Lyons controlled Gulf Atlantic. This statement by Sonus was the primary inducement for Gulf Atlantic to enter into the Purchase Agreement and agree to the earn-out provision.

10.     After the sale, Lyons was not permitted to operate the retail business locations in the same manner as he had previously and successfully done prior to the sale.

11.     All conditions required under the earn-out provision of the Purchase Agreement have been met or have been waived.

12.     Sonus paid Gulf Atlantic only $200,000 of the $1 million owed under the earn-out provision.

13.     Gulf Atlantic made a demand for the remaining earn-out dollars owed, but Sonus has refused to pay Gulf Atlantic the sums owed.

## COUNT I

### (Breach of Contract)

14.     Gulf Atlantic restates and realleges the allegations contained in paragraphs 1 through 13 above as though fully set forth herein.

15.     Gulf Atlantic and Sonus entered into a Purchase Agreement dated June 25, 2004, pursuant to which Sonus promised to pay Gulf Atlantic an earn-out amount of $1 million provided certain conditions were met.

16.     The conditions precedent to payment of the earn-out amount were met or were waived and Sonus failed to pay Gulf Atlantic the $1 million owed.

17.     Sonus has breached the Purchase Agreement by failing to pay Gulf Atlantic the entire earn-out owed under the terms of the Purchase Agreement.

18.     As a result of the breach by Sonus, Gulf Atlantic has suffered damages in excess of $75,000, to be proven at trial, but believed to be $800,000.

## COUNT II

### (Breach of Implied Duty of Good Faith)

19.     Gulf Atlantic restates and re-alleges the allegations contained in paragraphs 1 through 18 above as though fully set forth herein.

20.     Under Minnesota law, Sonus had an implied duty of good faith and fair dealing to perform its obligations under the Purchase Agreement and to not take any action that would impair Gulf Atlantic's ability to meet its obligations under the Purchase Agreement.

21.     Sonus breached these duties. As a result, Gulf Atlantic was prevented from meeting the requirements of paragraph 3(c)(ii) of the earn-out provision.

4

22.   Alternatively, Sonus artificially manipulated the revenue and expenses of the business so that the earn-out requirements of paragraph 3(c)(ii) could not be met.

23.   As a result of Sonus' breach of the implied duty of good faith and fair dealing, Gulf Atlantic has suffered damages in excess of $75,000, to be proven at trial, but believed to be $800,000.

## COUNT III

### (Fraud)

24.   Gulf Atlantic restates and realleges the allegations contained in paragraphs 1 through 23 above as though fully set forth herein.

25.   As an inducement to enter into the Purchase Agreement and agree to the earnout-out provision, Sonus representatives falsely and fraudulently and with intent to deceive told Lyons on behalf of Gulf Atlantic that Lyons would be permitted to operate the retail business locations in the same manner as he had previously done when Lyons controlled Gulf Atlantic.

26.   Sonus, as purchaser of Gulf Atlantic, knew at the time that after the sale, it would not permit Lyons to operate the retail business locations as Lyons previously had done when Lyons controlled Gulf Atlantic.

27.   Gulf Atlantic reasonably relied on the false statements made by Sonus representatives and was induced to enter into the Purchase Agreement and agree to the earn-out provision to its detriment.

28.   After the sale, Sonus did not permit Lyons to operate the retail business locations as Lyon had previously done prior to the sale and this refusal caused or contributed to failure to pay the remaining amount due under the earn-out provision.

5

29.    As a result of the fraudulent inducement of Sonus, Gulf Atlantic has

suffered damages in excess of $75,000, to be proven at trial, but believed to be $800,000.

WHEREFORE, plaintiff Gulf Atlantic requests the following relief:

1.    Judgment in an amount greater than $75,000, representing the amount due

Gulf Atlantic under the earnout-provision of the Purchase Agreement;

2.    Such other and further relief as the court deems appropriate.


Dated: October 11, 2007.                KELLY & BERENS, P.A.

By:
          Timothy D. Kelly (#54926)
          Carrie L. Zochert (#291778)
          3720 IDS Center
          80 South Eighth Street
          Minneapolis, Minnesota 55402
          (612) 349-6171

          **Attorneys for Plaintiff Thomas W. Lyons,**
          **Inc., f/k/a Gulf Atlantic Hearing Aid**
          **Centers, Inc.**

# KELLY & BERENS, P.A.
ATTORNEYS AT LAW
3720 IDS CENTER
80 SOUTH EIGHTH STREET
MINNEAPOLIS, MINNESOTA 55402



CARRIE L. ZOCHERT
czochert@kellyandberens.com

(612) 349-6171
FAX
(612) 349-6416

October 11, 2007

<u>Via Messenger</u>

Clerk of Court
United States District Court
District of Minnesota
U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

   Re: <u>Thomas W. Lyons, Inc., f/k/a Gulf Atlantic Aid Centers, Inc. v. Sonus-USA, Inc.</u>

Dear Clerk of Court:

  Enclosed herewith please find the following:

1. Civil Cover Sheet;

2. Complaint;

3. Motion for Admission Pro Hac Vice for Michael R. Riemenschneider;

4. Motion for Admission Pro Hac Vice for William H. Cantwell, II.

  Also, enclosed please find this firm's check in the amount of $350 for the filing fee and a check in the amount of $200 for the proc hac vice fee(s). Thank you.

       Very truly yours,

       Carrie L. Zochert

CLZ/wjw
Enclosures

cc: Timothy D. Kelly, Esq.
   Michael R. Riemenschneider, Esq.
   William H. Cantwell, II, Esq.