UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Thomas W. Lyons, Inc., formerly
known as Gulf Atlantic Hearing
Aid Centers, Inc.,

    Plaintiff,

v.

Sonus-USA, Inc.,

    Defendant;

and

Sonus-USA, Inc.,

    Counterclaim Plaintiff,

v.

Thomas W. Lyons, Inc., formerly
known as Gulf Atlantic Hearing
Aid Centers, Inc., and
Thomas W. Lyons,

    Counterclaim Defendants.

Civil No. 07-4227 (DWF/SRN)

**MEMORANDUM
OPINION AND ORDER**

---

Michael R. Riemenschneider, Esq., and William H. Cantwell, II, Esq., O'Brien, Riemenschneider, Wattwood & Cantwell, PA, and Sarah E. Bushnell, Esq.,[1] and Timothy D. Kelly, Esq., Kelly & Berens, PA, counsel for Plaintiff.

---

[1] Carrie L. Zochert, Esq., also appeared on behalf of Plaintiff. Pursuant to a Notice of Withdrawal and Appearance (Doc. No. 25) filed on January 10, 2008, Carrie L. Zochert is no longer affiliated with the law firm Kelly & Berens, PA, and has been replaced by Sarah E. Bushnell.

Emily E. Duke, Esq., and Jennifer A. Kitchak, Esq., Fredrikson & Byron, PA, counsel for Defendant/Counterclaim Plaintiff.

Sarah E. Bushnell, Esq., Kelly & Berens, PA, counsel for Counterclaim Defendants.

This matter is before the Court on a Motion to Dismiss Counts II and III of Plaintiff's Complaint brought by Defendant Sonus-USA, Inc. ("Sonus"). In the Complaint, Plaintiff Thomas W. Lyons, Inc. ("Lyons, Inc."), asserts the following causes of action: breach of contract (Count I); breach of implied duty of good faith (Count II); and fraud (Count III). For the reasons set forth below, the Court grants Defendant's motion as to Count II and grants Defendant's motion without prejudice as to Count III, allowing Lyons, Inc., to amend Count III of the Complaint.

## BACKGROUND

Sonus is a Washington corporation with its principal place of business in Minnesota. It operates a hearing healthcare network of retail locations that provides products to hearing-impaired consumers. (Compl. ¶ 2.) Gulf Atlantic Hearing Aid Centers, Inc. ("Gulf Atlantic") was a Florida corporation and was formed to operate a hearing aid sales and service business in Florida. (Compl. ¶ 1.) Thomas W. Lyons owned and operated Gulf Atlantic.

On June 25, 2004, Gulf Atlantic and Sonus entered into an Asset Purchase Agreement (the "Purchase Agreement") whereby Sonus agreed to purchase certain of Gulf Atlantic's assets, including several hearing aid sales and services businesses in Florida. The Purchase Agreement provided that Gulf Atlantic could earn an additional

$1,000,000.00 above the purchase price if certain conditions were met under the

Earn-Out Provision. The Earn-Out Provision stated the following:

> Earn-Out. The balance of the Purchase Price shall be calculated and paid in accordance with the provisions of this Section 3(c). Buyer shall pay to Seller additional $1,000,000.00 if the following conditions are met:
>
> > (i) the Net Revenue of the Business for the period commencing on the Closing Date and ending on the day immediately preceding the one-year anniversary of such date (the "Earn-Out Period") is equal to or greater than $3,500,000 (the "Net Revenue Target");
> >
> > (ii) the EBITDA of the Business for the Earn-Out Period exceeds is equal to or greater than $560,000 (the "EBITDA Target"); and
> >
> > (iii) Owner [Thomas W. Lyons] remains continuously employed[2] by Buyer from the Closing Date until the last day of the Earn-Out Period.
> >
> > . . . .
>
> In determining EBITDA, EBITDA shall . . . (ii) not include any gains, losses or profits realized from the sale of any assets other than in ordinary course of business; . . .
>
> For purposes of this Section 3(c), the term "Business" means the business acquired from Seller pursuant to this Agreement that is conducted exclusively at the [Gulf Atlantic retail locations identified in Exhibit A to the Purchase Agreement] during the Earn-Out Period. . . .

(Compl. Ex. A at ¶ 3(c).)

The Purchase Agreement also included the following integration clause:

---

[2] The Purchase Agreement contemplated that Thomas W. Lyons and Sonus would enter into an Employment Agreement. The Employment Agreement between Lyons and Sonus identifies Lyons as the full time "general manager" of the business subject to Sonus' "control, rules, regulations, policies and programs." (Affidavit of Carrie L. Zochert ("Zochert Aff."), Ex. 1 at ¶ 1.2.)

> This Agreement contains the entire agreement of the parties concerning the subject matter hereof, and supersedes all prior communications, understandings and agreement. No representations, promises or agreements, oral or otherwise, not contained herein shall be of any force or effect.

(Compl. Ex. A at ¶ 13.) In addition, the Employment Agreement similarly stated the following:

> This Agreement constitutes the entire understanding of Employer and Employee as to its subject matter, supersedes any prior agreement or arrangement relative to its subject matter, whether oral or written, and no modification, supplement, or amendment of any provision hereof shall be valid unless made in writing and signed by both parties.

(Zochert Aff., Ex. 1 at ¶ 1.2.)

Lyons, Inc., alleges that prior to the sale, Sonus representatives told Thomas W. Lyons that he would be permitted to operate the retail business locations in the same manner as he had previously done when he controlled Gulf Atlantic. Lyons, Inc., also claims that this statement induced Gulf Atlantic to enter into the Purchase Agreement. Lyons, Inc., asserts that after the sale, Thomas W. Lyons was not permitted to operate the retail business locations in the same manner as he had previously done.[3]

Sonus has moved to dismiss Counts II and III of Lyons, Inc.'s Complaint asserting that those counts fail to state a cause of action recognized under Minnesota law, fail to state a cause of action upon which relief may be granted, and/or are inadequately plead.

---

[3] Specifically, Lyons, Inc., asserted at oral argument that Thomas W. Lyons was not permitted to implement advertising in the same manner as he had previously done.

**DISCUSSION**

**I.      Standard of Review**

In deciding a motion to dismiss, a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 1964-65. This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Id.* at 1965.

**II.     Count II – Breach of Implied Duty of Good Faith**

Sonus asserts that Lyons, Inc.'s claim for breach of the implied duty of good faith and fair dealing should be dismissed because it is duplicative of Lyons, Inc.'s breach of contract claim and is not separately actionable under Minnesota law. Although Lyons,

5

Inc., disagrees, it is undisputed that Lyons, Inc.'s good faith and fair dealing claim is based on the same facts and earn-out provision as its breach of contract claim. In addition, Lyons, Inc., concedes that if there is no viable breach of contract claim, the good faith and fair dealing claim could not stand on its own as an independent cause of action.

Because Minnesota law "does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing separate from the underlying breach of contract claim[,]" *Medtronic, Inc. v. ConvaCare, Inc.*, 17 F.3d 252, 256 (8th Cir. 1994) (citing *Orthomet, Inc. v. A.B. Med., Inc.*, 990 F.2d 387, 392 (8th Cir. 1993), and *Wild v. Rarig*, 234 N.W.2d 775, 790 (Minn. 1975)), the Court grants Sonus' Motion to dismiss Count II of the Complaint. *See also Sports and Travel Mktg, Inc. v. Chicago Cutlery Co.*, 811 F. Supp. 1372, 1383 (D. Minn. 1993) (stating Minnesota law "does not recognize an independent cause of action for [breach of an implied covenant of good faith and fair dealing] if it arises from the same conduct underlying a breach of contract claim"); *Seren Innovations, Inc. v. Transcontinental Ins. Co.*, No. A05-917, 2006 WL 1390262, at *8 (Minn. Ct. App. May 23, 2006) ("Minnesota law does not recognize a separate cause of action for breach of the implied covenant of good faith when it arises from the same conduct as a breach-of-contract claim."). Based on the allegations in the Complaint in Count I, if the issue of breach of an implied duty of good faith is still applicable at trial, the parties can submit the issue through proper jury instructions.

**III.   Count III – Fraud**

Sonus contends that Lyons, Inc.'s fraud claim should be dismissed for several reasons. Sonus asserts that (1) Lyons, Inc., fails to plead its fraud claim with proper specificity; (2) Lyons, Inc.'s fraud claim is a contract claim in disguise; (3) the claim is futile and cannot be adequately plead to meet the elements of fraud; (4) Lyons, Inc., is attempting to add unwritten and unagreed-upon terms to the parties' contract in violation of the parol evidence rule by basing its claim on promises not found in the contract; (5) and Lyons, Inc., is attempting to convert its contract claim into a tort because the fraud claim does not allege an independent tort and it seeks the same $800,000.00 in damages alleged in the contract claim.

Lyons, Inc., asserts that Count III is a claim for fraudulent inducement and is a separate and distinct cause of action from its breach of contract claim. Specifically, Lyons, Inc., asserts that Gulf Atlantic was induced into entering the Purchase Agreement because of Sonus' false representations that Thomas W. Lyons would be permitted to operate the retail business locations in the same manner as he had previously done.[4] In addition, Lyons, Inc., asserts that the fact that the amount of damages is the same for both Counts I and III does not require the dismissal of the fraud claim in Count III because the Court can take steps to ensure double recovery does not occur.

---

[4]   Lyons, Inc., also contends that Sonus' representations do not differ from any promises in the Purchase Agreement because under the Employment Agreement, Thomas W. Lyons was authorized to continue to operate the company "in the ordinary course of business."

7

Federal Rule of Civil Procedure 9(b) requires fraud claims to be stated with particularity. To be sufficiently particular, a plaintiff must provide the time, place, and content of the fraudulent misrepresentations. *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 549-50 (8th Cir. 1997). "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." *Commercial Prop. Invs., Inc. v. Quality Inns Int'l, Inc.*, 61 F.3d 639, 644 (8th Cir. 1995) (citing *In re Flight Transp. Corp. Sec. Litig.*, 593 F. Supp. 612, 620 (D. Minn. 1984)).

Lyons, Inc., pleads the following factual allegation in his Complaint:

Prior to the sale, Sonus representatives told Thomas W. Lyons ("Lyons") on behalf of Gulf Atlantic that Lyons would be permitted to operate the retail business locations in the same manner as Lyons had previously and successfully done when Lyons controlled Gulf Atlantic. This statement by Sonus was the primary inducement for Gulf Atlantic to enter into the Purchase Agreement and agree to the earn-out provision.

(Compl. ¶ 9.) Lyons, Inc., did not state with specificity the content of the representation, who the Sonus representatives were, and when and where the statements were made.[5] Therefore, based on the lack of particularity as to the fraud claim in the Complaint, the Court finds that Lyons, Inc., has not provided Sonus with sufficient notice of its fraud claim as is required by Rule 9(b). Accordingly, the Court grants Sonus' Motion to

---

[5] Lyons, Inc., concedes that its pleading is deficient when it states that "[t]his deficiency can be cured by an amendment, and Gulf Atlantic requests leave to file an amended Count III[.]" (Pl.'s Mem. of Law in Opp'n to Def.'s Mot. to Dismiss Counts II and III of Pl.'s Compl. 18.) The Court acknowledges that Lyons, Inc., provided more factual information in its opposition memorandum, but as it stands, the Complaint is deficient. In addition, the Court notes that its acknowledgment is not meant to imply that the information provided by Lyons, Inc., in its opposition memorandum would be sufficient to withstand a renewed motion to dismiss.

Dismiss as to Count III. However, in view of the liberal pleading requirements of the Federal Rules of Civil Procedure, and because the date for amending pleadings (February 1, 2008) has not passed, the Court grants the motion without prejudice and allows Lyons, Inc., leave to amend the Complaint within thirty (30) days for the sole purpose of adding sufficient facts to support its fraud claim.[6] The Court notes that this allows Lyons, Inc., the opportunity to amend passed the deadline for amending pleadings of February 1, 2008. However, the Court warns Lyons, Inc., that if there are insufficient facts to properly plead its fraud claim, it should withdraw the claim rather than amend. The Court reserves the right to assess costs and fees to Sonus if Count III is later found futile.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss Counts II and III of Plaintiff's Complaint (Doc. No. 4) is **GRANTED** as follows:

    a. Defendant's Motion to Dismiss Count II is **GRANTED**.

---

[6] Also, because the Court is allowing for such an amendment, the Court need not address the parties' other arguments at this time. The Court, however, notes that a fraudulent inducement claim and a breach of contract claim may be different. *See AKA Distrib. Co. v. Whirlpool Corp.*, 137 F.3d 1083, 1086 (8th Cir. 1998) ("A fraud claim independent of the contract is actionable, but it must be based upon a misrepresentation that was outside of or collateral to the contract, such as many claims of fraudulent inducement."). And the Court also agrees with Lyons, Inc., that "a 'full integration' clause does not prevent proof of fraudulent representations by a party to [a] contract." *Johnson Bldg. Co. v. River Bluff Dev. Co.*, 374 N.W.2d 187, 193 (Minn. Ct. App. 1985).

      b.     Defendant's Motion to Dismiss Count III is **GRANTED WITHOUT PREJUDICE**; Plaintiff has thirty (30) days from the date of the filing of this Order to amend the Complaint to plead allegations of fraud with particularity in accordance with Rule 9(b) of the Federal Rules of Civil Procedure.

Dated:  January 15, 2008                  s/Donovan W. Frank
                                                      DONOVAN W. FRANK
                                                      Judge of United States District Court